866 F.2d 548
 51 Ed. Law Rep. 764
 Randy BLACKWELDER, Alice Blackwelder, Carmon Blackwelder,
Katherine Blackwelder, Stephen Standish, Debora Standish,
Aaron Standish, George Lonneville, Hilda Lonneville, Amy
Lonneville and Jacqueline Lonneville, Plaintiffs-Appellants,
v.
Henry SAFNAUER, in his official capacity as the
Superintendent of the Cato- Meridian Central School
District, Edward Garno, in his official capacity as the
Superintendent of City School District of Oswego, and
Michael Hunsinger, in his official capacity as the
Superintendent of the Waterloo Central School District,
Defendants-Appellees, The State of New York,
Intervening-Defendant- Appellee.
 No. 597, Docket 88-7766.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 22, 1988.
Decided Jan. 23, 1989.
 
 Michael P. Farris, Home School Legal Defense Ass'n, Great Falls, Va., for plaintiffs-appellants.
 Deborah H. Karalunas, Syracuse (Jonathan B. Fellows, Bond, Schoeneck & King, Syracuse, N.Y., on the brief), for defendants-appellees.
 Frank K. Walsh, Asst. Atty. Gen., Albany (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, Asst. Atty. Gen., Albany, on the brief), for intervening defendant-appellee.
 Norman H. Gross, Jay Worona, Bernard F. Ashe, and Mary E. Scalise, Albany, submitted an amicus curiae brief for New York State School Boards Ass'n, Inc. and the New York State United Teachers, AFL-CIO.
 Before NEWMAN and ALTIMARI, Circuit Judges, and GRIESA, District Judge.*
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal presents the unusual situation of appellants whose only complaint in this Court, after losing in the trial court, is that the judgment of the trial court should be vacated as moot. The appeal is brought by New York families who are educating their children at home for religious reasons. They appeal from a summary judgment entered June 17, 1988, 689 F.Supp. 106, in the District Court for the Northern District of New York (Howard G. Munson, Judge) rejecting their constitutional challenge to New York's compulsory education law, and from a subsequent order by Judge Munson, entered August 15, 1988, denying a request to reconsider the judgment and vacate it on the ground of mootness.
 
 
 2
 We hold that the case is not moot. We affirm the District Court's August 15 order that rejected the mootness contention and, finding no other ground of appeal, dismiss the appeal from the June 17 judgment.
 
 
 3
 N.Y.Educ.Law Sec. 3204 (McKinney 1981 & Supp.1988) governs the education of children in New York who do not attend public schools. It provides:
 
 
 4
 Instruction may be given only by a competent teacher.... Instruction given to a minor elsewhere than at a public school shall be at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the city or district where the minor resides.
 
 
 5
 Id. Sec. 3204(2).
 
 
 6
 Prior to June 1988, local school districts implemented section 3204 pursuant to advisory Guidelines on Home Instruction issued by the state Education Department in September 1985. The superintendents who are defendants-appellees in this litigation required that parents seeking to educate their children at home provide the school district with a detailed plan of instruction, a list of curriculum materials and textbooks to be used, and a description of the background, experience, and credentials of the teacher. The superintendents also required home visits by school officials to monitor the home instruction.
 
 
 7
 Plaintiffs-appellants objected to the requirements the superintendents sought to impose. They brought suit against the superintendents pursuant to 42 U.S.C. Sec. 1983 (1982), challenging the constitutionality of section 3204 on its face and as applied.[1]
 
 
 8
 In their amended complaint, plaintiffs alleged that the statute on its face (1) conditioned the exercise of constitutionally protected rights upon the unfettered discretion of local school officials; (2) denied due process by allowing a government official with a financial stake in the outcome of the decision to decide whether to approve a family's home-schooling program; (3) imposed a prior restraint on the exercise of First Amendment rights; (4) violated the Establishment Clause by requiring that the government place its imprimatur on religious education as a condition of its practice; (5) was unconstitutionally vague in failing sufficiently to define "competent teacher" or "substantially equivalent instruction"; and (6) unconstitutionally required families to consent to warrantless searches of their homes as a condition of home-schooling. The parents also challenged defendants' practices in their application of the statute of requiring (1) home visits by school officials, (2) prior approval of the curriculum, textbooks, and teachers employed in home instruction, and (3) adoption of a course of study contrary to plaintiffs' religious beliefs.
 
 
 9
 After the suit was filed, the New York State Board of Regents drafted new regulations governing home instruction and enforcement of section 3204. Plaintiffs advised Judge Munson on May 24, 1988, that the new regulations were being prepared, but the District Judge declined to wait for the Regents to act. On June 16, in a comprehensive opinion on the parties' cross-motions for summary judgment, Judge Munson rejected all of the plaintiffs' constitutional challenges.
 
 
 10
 The Regents approved the new regulations the following day. On June 22, plaintiffs moved for reconsideration of the judgment, urging Judge Munson to vacate it as moot in light of the new regulations. Judge Munson rejected the motion on August 15.
 
 
 11
 The sole ground of appeal is that the new regulations adopted by the Regents render the case moot and that the judgment of the District Court should therefore be vacated. Appellants contend they are no longer at odds with their local school districts over implementation of the law and that the new regulations remedy many of the alleged shortcomings of section 3204. As a result, they contend, there is no longer a "live" controversy, the case is moot, and the District Court judgment should be vacated. We disagree.
 
 
 12
 Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only "cases" or "controversies." See Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). A case can become moot at any time during the litigation, including the appeal. Id. When a civil case becomes moot on appeal from a federal district court, the appropriate disposition is to dismiss the appeal, reverse or vacate the district court judgment, and remand the case to the district court with instructions to dismiss the complaint. Deakins v. Monaghan, 484 U.S. 193, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).[2]
 
 
 13
 At issue here is whether this case has in fact become moot. That determination requires us to distinguish between cases that become moot by "happenstance," unattributable to any of the parties, United States v. Munsingwear, supra, 340 U.S. at 40, 71 S.Ct. at 107, and those in which the losing party simply declines to pursue its appeal. Karcher v. May, 484 U.S. 72, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987). Only in the first instance is the case truly moot, requiring that the decision of the trial court be vacated. Id.
 
 
 14
 A case is moot when the issues presented are no longer "live" or the parties "lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quotations omitted). Here, the new regulations have not deprived appellants of a legally cognizable interest in the outcome of the litigation. Appellants are still educating their children at home, and they are still subject to the requirements of section 3204 as implemented by appellees.
 
 
 15
 The regulations contain some procedural protections for parents, such as objective testing requirements and a right to appeal adverse decisions by local officials to the Commissioner of Education. But the regulations do not affect the facial validity of the statute, nor do they eliminate the main practices that gave rise to appellants' complaints. The parents are still subject to home visits by local school officials, review of their textbooks, and a required course of study. N.Y.Comp.Codes R. & Regs.tit. 8(A), Sec. 100.10(d)-(i) (not yet published).
 
 
 16
 Thus, the circumstances giving rise to appellants' challenge to New York's home instruction law still exist, and their challenge to the law, both on its face and as applied, is not moot. This is not a case in which appellants are challenging the constitutionality of rules that have since been repealed. E.g., Board of Regents v. New Left Education Project, 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973) (vacating 472 F.2d 218 (5th Cir.1973)). The only sense in which appellants' claims are not "live" is that appellants apparently no longer wish to pursue them. If the District Court judgment were vacated, appellants could return to court the next day with the very same allegations.
 
 
 17
 The fact that appellants now purport to be "living in peace" with the new regulations does not require us to vacate the District Court opinion. A plaintiff who is successful in a lower court can moot a case on appeal by agreeing to withdraw his complaint with prejudice, see Deakins v. Monaghan, supra, and, in some circumstances, parties acting together can settle a case after entry of a judgment and agree to its vacatur, see Nestle Co. v. Chester's Market, Inc., 756 F.2d 280 (2d Cir.1985).[3] But we find no basis for allowing a plaintiff who lost in a lower court to vacate the adverse judgment simply by deciding that he no longer wishes to pursue the claim. To dismiss such a suit as moot and vacate the judgment, rather than simply to dismiss the appeal and leave the judgment in force but unreviewed as to its merits, might result in unfairness to the appellees by exposing them to renewed actions by appellants. See id. at 283; Zemansky v. United States Environmental Protection Agency, 767 F.2d 569, 573 n. 3 (9th Cir.1985). Indeed, the school superintendent appellees here vigorously oppose appellants' contention that the case is moot.[4]
 
 
 18
 Appellants urge in particular that the new regulations have mooted their principal grievance in the litigation--that the warrantless home visits insisted upon by appellees violated their rights under the Fourth and Fourteenth Amendments. The new regulations, they contend, make these home visits valid administrative searches because they are no longer purely discretionary. The regulations authorize such visits only after a family's home-schooling program has been placed on probation and the local school superintendent has "reasonable grounds" to believe that the program is not in compliance with state requirements. N.Y.Comp.Codes R. & Regs.tit. 8(A), Sec. 100.10(i)(3).
 
 
 19
 We express no opinion on whether home visits conducted pursuant to New York's regulations would comport with the requirements of the Constitution. We note only that a challenge to such visits by persons subjected to them would present at least a colorable legal issue. The existence of a "reasonable grounds" standard governing such visits might affect a court's decision on the merits of such a challenge, but it does not render such a challenge uncognizable or moot.
 
 
 20
 In sum, we hold that the District Court was correct to reject the motion to reconsider on the basis of mootness. We therefore affirm the District Court's August 15 order denying reconsideration of the judgment. As appellants present no grounds for appeal of the June 17 judgment on its merits, we do not consider the merits and simply dismiss that appeal.
 
 
 
 *
 The Honorable Thomas P. Griesa of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 The District Court granted defendants-appellee State of New York leave to intervene to defend the facial validity of section 3204. See 28 U.S.C. Sec. 2403(b) (1982)
 
 
 [2]
 It is somewhat anomalous for an appellate court to dismiss an appeal, thereby appearing to relinquish jurisdiction, and nevertheless proceed to remand to a district court with directions to dismiss the complaint, thereby appearing to exercise jurisdiction. But this is the approach specified by the Supreme Court in Deakins and Munsingwear
 
 
 [3]
 Even in Nestle, we held that the case was not moot but that the parties' interest in settlement outweighed the public interest in retaining the judgment
 
 
 [4]
 Appellee State of New York says it would prefer to let the District Court opinion stand but that it "reluctantly" agrees with appellants that the case is moot. We do not interpret the State's position as representing a settlement with the appellants, nor could the State settle the appellants' claim against the appellee superintendents