**In re TAX REFUND LITIGATION.**

**No. MDL 87-731.**

United States District Court,
E.D. New York.

Oct. 26, 1989.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

On August 11, 1987, the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred four actions [1] to this Court for coordinated pretrial discovery pursuant to 28 U.S.C. § 1407. Plaintiffs in those actions now move, pursuant to 28 U.S.C. § 1402(a), to transfer those actions to this Court for purposes of trial. Defendant not only opposes the transfer to this Court but argues that the actions should be transferred to the Southern District of Florida. For the reasons stated below, the *Madison, Universal,* and *Townsend* actions are transferred to this Court for purposes of trial pursuant to 28 U.S.C. § 1404(a). If the government persists in its opposition, then the *Cohen* action will be remanded to the Southern District of Florida for trial; however, this remand and the subsequent trial of the *Cohen* action will be stayed until the conclusion of the trial of the related actions.

## RELEVANT FACTS

The five actions involved in this case were all filed by plaintiffs seeking refunds of penalties assessed against them pursuant to § 6700 of the Internal Revenue Code. The Internal Revenue Service ("IRS") assessed the penalties because it found that plaintiffs participated in the organization and promotion of investment plans which the IRS found to be abusive tax shelters.

In response to those penalty assesments, plaintiffs allegedly paid 15% of their respective penalties to the IRS, pursuant to Internal Revenue Code § 6703. Following their 15% payments, plaintiffs filed complaints in their respective district courts alleging that the penalties had been unlawfully imposed on them by the IRS and

---

**1.** The four actions transferred by the MDL are: *Madison Library, Inc. v. United States,* C.A. No. CV–S–87–125 (D.Nev. filed 2/12/87) ("*Madison*"); *Universal Publishing Resources, Ltd. v. United States,* C.A. No. CV–S–87–126 (D.Nev. filed 2/12/87) ("*Universal*"); *Geoffrey Townsend, Ltd. v. United States,* C.A. No. CV–S–87–127 (D.Nev. filed 2/13/87) ("*Townsend*"); *Co-*

*hen v. United States,* C.A. No. 87–0265–CIV (S.D. Fla. filed 2/13/87) ("*Cohen*").

The action originally filed in the Eastern District of New York is:
*Barrister Associates, et. al. v. United States,* C.A. No. CV 87–403 (E.D.N.Y. filed 2/13/78) ("*Barrister*").

seeking a refund. Plaintiffs Barrister Associates, a New York General Partnership, Parliament Securities Corporation, a New York corporation, Paul F. Bellof, a New York resident, and Robert Gold, a New York resident, filed a complaint in the Eastern District of New York. Plaintiff Irving Cohen, who alleged that he was a Florida resident, filed a complaint in the Southern District of Florida. Plaintiffs Madison, Universal, and Townsend, Nevada corporations with their principal places of business in Las Vegas, intiated three separate actions in the District of Nevada. All five suits were filed against the United States pursuant to 28 U.S.C. § 1346 which provides that "the district courts shall have original jurisdiction ... of any civil action against the United States for the recovery of any ... penalty claimed to have been collected (by the IRS) without authority".

Pursuant to 28 U.S.C. § 1407, the MDL Panel transferred the actions filed in Florida and Nevada to the Eastern District of New York for pretrial purposes. The MDL transfer was based on the panel's findings that 1) the suits all involved the same allegedly abusive tax shelter, 2) four of the eight plaintiffs, including the alleged principal organizer of the tax shelter plan, Barrister Associates, are New York residents and were already parties to litigation in the Eastern District of New York, and 3) all penalty assessments made against plaintiffs by the IRS were issued by its district office in Brooklyn, within the Eastern District of New York.

## DISCUSSION

■ While the MDL panel may transfer actions for pretrial purposes pursuant to 28 U.S.C. § 1406 unencumbered by venue restrictions, *In re New York City Mun. Sec. Litigation,* 572 F.2d 49 (2d Cir.1978), the court to which those actions are transferred must abide by the applicable venue requirements when transferring those actions for trial purposes. *Pfizer, Inc. v. Lord,* 447 F.2d 122, 124–24 (2d.Cir.1971).

The statute governing change in venue provides that "for the convenience of parties and witnesses, in the interest of jus-

tice, a district court may transfer any civil action to any other district or division where it might have been brought". 28 U.S.C. § 1404(a). The Supreme Court, in *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), explained that a court's transfer power is restricted to those federal districts in which the action might have originally been brought.

Here, 28 U.S.C. § 1402, the venue statute for tax refund actions brought against the United States pursuant to 28 U.S.C. § 1346 provides that:

(a) Any civil action in a district court against the United States under subsection (a) of section 1346, of this title may be prosecuted only:

(1) Except as provided in paragraph (2), in the judicial district where plaintiff resides;

(2) In the case of a civil action by a corporation ... in the judicial district in which is located the principal place of business or principal office or agent of the corporation; ... Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.

Here, plaintiffs in the *Madison, Universal,* and *Townsend* actions are corporations and thus, are governed by paragraph (2) of 28 U.S.C. § 1402(a). Paragraph (2) provides that tax refund actions commenced by a corporate plaintiff should generally be brought in the judicial district in which its principal place of business is located, but it also empowers district courts to transfer such actions to any other district "for the convenience of the parties and witnesses, in the interests of justice".

■ The principal place of business for corporate plaintiffs in the *Madison, Universal,* and *Townsend* actions is within the judicial district of Nevada. However, this Court finds it is in the interests of justice to transfer these actions to this Court for trial purposes because 1) the MDL panel assigned the actions to this Court for pre-

trial proceedings and this Court is now familiar with actions, 2) four of the eight plaintiffs involved in the five related actions reside in New York, and 3) it was the IRS's Brooklyn office which assessed the penalties against plaintiffs. Therefore, pursuant to the power granted this Court in paragraph (2) of 28 U.S.C. § 1402(a), the *Madison, Universal,* and *Townsend* actions are transferred to this Court for purposes of trial. Plaintiffs contend that this Court also has the power to transfer the *Cohen* action to the Eastern District of New York for purposes of trial. However, the power to transfer to any district "in the interests of justice" is derived from paragraph (2) of 28 U.S.C. § 1402(a) and that paragraph refers solely to corporate plaintiffs. The plaintiff in the *Cohen* action is an individual and thus paragraph (2) is inapplicable.

 Plaintiffs argue that although the empowering sentence is placed in paragraph (2), it applies with equal weight to non-corporate plaintiffs governed by paragraph (1). However, presented with the same issue, the Eighth Circuit found that nothing in the legislative history of the statute indicates that the empowering sentence of paragraph (2) was intended to apply to non-corporate plaintiffs governed by paragraph (1). *Caleshu v. Wangelin,* 549 F.2d 93, 96 (8th Cir.1977). Thus, while 28 U.S.C. § 1404(a) provides a district court with the power to transfer a tax refund action brought by a corporate plaintiff to a district other than where that plaintiff resides, it does not provide such a power in the case of an individual plaintiff.

As the plaintiff in the *Cohen* action is an individual, it appears that it may not be within this Court's power without the consent of the parties, to transfer the action to any district other than the one in which plaintiff resides. Assuming plaintiff Cohen is a resident of Miami, Florida,[2] and that the government will not waive the venue statute, this Court may only remand the *Cohen* action to the Southern District of Florida for trial. However, two separate trials involving essentially the same questions of fact and law are a waste of judicial resources which both of the districts in question can ill afford. Accordingly, the remand and trial of the *Cohen* action will be stayed until after the consolidated trial in this District.

### CONCLUSION

Plaintiff's motion for transfer to this Court pursuant to 1402(a) is granted as to the *Madison, Universal,* and *Townsend* actions and denied as to the *Cohen* action absent the consent of the government.

SO ORDERED.

---

2. Although the government, in arguing to the MDL panel that the actions should be consolidated and transferred to the Eastern District of New York for pretrial purposes, contended that plaintiff Cohen maintained living quarters and offices in North Woodmere, New York, we have assumed for purposes of this motion that plaintiff Cohen's residence is in the Southern District of Florida.