## In re TAX REFUND LITIGATION.

## No. MDL 87–0731.

United States District Court,
E.D. New York.

Nov. 13, 1989.

Jules Ritholz, Kostelanetz, Ritholz, Tigue & Fink, New York City, for Irving Cohen, Madison Library, Inc., Universale Publ. Resources, Ltd., Geoffrey Townsend, Ltd.

Scott D. Michel, Caplin & Drysdale, Washington, D.C., for Barrister Associates, et al.

John B. Consevage, Office of Special Litigation Tax Div., Dept. of Justice, Washington, D.C., for U.S.

### MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiffs in the *Cohen* and *Barrister* actions move this Court to enforce Internal Revenue Code ("I.R.C.") § 6703(c).[1] Specifically, plaintiffs request that this Court (i) order the government to remove the notices of federal tax liens that the govern-

---

**1.** There are five related actions in this case. *Barrister Associates, et. al. v. United States*, C.A. No. CV 87–403 (E.D.N.Y.1987) (*"Barrister"*) was originally filed in the Eastern District of New York. The other four actions, *Cohen v. United States*, C.A. No. 87–0265–CIV (S.D.Fla.1987) (*"Cohen"*), *Madison Library, Inc. v. United States*, C.A. No. CV–S–87–125 (D.Nev.1987) (*"Madison"*), *Universal Publishing Resources, Ltd. v. United States*, C.A. No. CV–S–87–126 (D.Nev.1987) (*"Universal"*), and *Geoffrey Town-*

*send, Ltd. v. United States*, C.A. No. (D.Nev.1987) (*"Townsend"*), were transferred here by the Judicial Panel on Multidistrict Litigation for coordinated pretrial discovery pursuant to 28 U.S.C. § 1407.

By Memorandum and Order, dated October 26, 1989, 723 F.Supp. 922, this Court transferred the *Madison, Universal* and *Townsend* actions here for trial purposes and stayed any remand of the *Cohen* action until after trial of the related actions.

ment has filed against plaintiffs, (ii) enjoin the government from filing any further notices of federal tax liens against plaintiffs, and (iii) release the income tax refunds of plaintiffs. In response, the government argues that § 6703(c)(1) only prohibits the IRS from "levying" or "proceeding in court". It contends that since the liens and "set offs" of income tax refunds at issue here are neither levies nor proceedings in court, the Anti–Injunction Act, 26 U.S.C. § 7421, denies this Court subject matter jurisdiction.

## RELEVANT FACTS

The five actions involved in this case were all filed by plaintiffs seeking refunds of penalties assessed against them pursuant to I.R.C. § 6700. The Internal Revenue Service ("IRS") assessed the penalties because it found that plaintiffs participated in the organization and promotion of investment plans which the IRS found to be abusive tax shelters. The penalties were assessed for the tax year 1982.

In February, 1987, plaintiffs, in response to those penalty assessments, paid 15% of their respective penalties to the IRS and filed a claim for refund pursuant to I.R.C. § 6703.

After plaintiffs paid the 15% and filed their claims, the IRS applied plaintiffs' income tax refunds for certain tax years other than 1982 tax year to their penalties for the 1982 tax year.[2]

The IRS also filed notices of tax liens against plaintiffs subsequent to plaintiffs' payment of 15% of their respective penalties and filing suits for refund.[3]

## DISCUSSION

Internal Revenue Code § 6703(c) provides that "if, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15% of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution" of that proceeding which was begun in the appropriate district court for the determination of that person's liability for the penalty. 26 U.S.C. § 6703(c). Having paid 15% of their respective penalties and filed suit for refund within the appropriate time periods, both parties agree that plaintiffs are entitled to whatever protections are provided by § 6703(c).

The government maintains that § 6703(c) only precludes the IRS from attempting to obtain the remaining 85% of the penalties through levies or proceedings in court. It argues that retaining plaintiffs' tax refunds from years other than the penalty year must be catagorized as a "setoff" which is neither a levy nor a proceeding in court and thus not precluded by § 6703. The government advances a similar argument with regard to the notice of lien, contending that a notice of lien is neither a levy nor a proceeding in court and thus not precluded by § 6703. The government argues that not only are setoffs and notices of liens not precluded by § 6703 but also that the Anti–Injunction Act, 26 U.S.C. § 7421, denies this Court jurisdiction over this motion.

While the Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any

**2.** According to an IRS notice dated Nov. 14, 1988, plaintiff Cohen's income tax refund for the years 1985, 1986, and 1987, aggregating $78,669.00 has been applied to his 1982 penalty despite Cohen's instruction on his Form 1040 to apply the tax to his 1988 estimated tax refund. Plaintiff Gold's 1985 income tax refund of $12,976.97 was also applied to his 1982 penalty. Plaintiff Belloff's 1985 and 1986 income tax refunds of $7,099.00 and $18,370.76 respectively have been withheld without explanation of how the funds are to be applied.

**3.** The IRS filed a notice of federal tax lien against plaintiff Cohen on July 24, 1989. By letter dated June 19, 1989, an attorney for the Office of District Counsel of the IRS informed plaintiffs Gold, Belloff, Barrister Associates, and Parliment Securities Corporation that it intended to file notices of federal tax liens against those plaintiffs. This Court is uncertain whether or not those liens were ever filed.

person, whether or not such person is the person against whom such tax was assessed", I.R.C. § 6703(c) expressly provides that levies and proceedings may be enjoined by a proceeding in a proper court notwithstanding the Anti–Injunction Act. 26 U.S.C. § 6703(c). Therefore, the only question is whether I.R.C. § 6703 applies to the actions taken by the IRS against the plaintiffs in these cases.

The government argues that § 6703(c) is very explicit in only precluding levies and proceedings in court and that neither the setoffs nor notices of liens at issue here are levies or proceedings in court. However, the legislative history expressly provides that those assessed penalties for abusive tax shelters under § 6700 are entitled to the same procedural safeguards as income tax return preparers penalized under I.R.C. § 6694. While § 6694 uses the same language as § 6703 precluding only levies and proceedings in court, the legislative history explains that one who pays 15% "may avoid *any further IRS collection* of the remaining 85% of the penalty" and that "the IRS may resume its *collection activities* only upon final resolution of the matter". H.R.Rep. No. 658, 94th Cong., 2d. Sess. 280, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897, 3176 (emphasis added). *Accord* IRS Manual § (35)(18)(11) 3 Sub 4.

In the absence of any apparent case law on this issue, the legislative history appears to be the most appropriate source of guidance; and, it seems quite clear to this Court that Congress intended to establish a procedure in which once the penalized party pays 15% of the penalty, the IRS may not seek to collect the remaining 85% by any method. Here, the IRS has applied plaintiffs tax refunds from years other than the one subject to the penalty and filed notices of tax liens against plaintiffs in an attempt to collect the remaining 85% of the penalty. Since these actions are certainly collection activities, it appears these actions violate the protections guaranteed by § 6703(c) and may be enjoined by this Court.

Moreover, even if the legislative history did not mandate such an interpretation of § 6703, the IRS appears to be without authority to setoff plaintiffs' tax refunds against their penalties or to file notices of federal tax liens against plaintiffs. Both of these actions are dependent on plaintiffs being liable for an outstanding tax or penalty. *See* Rev.Rul. 77–339 (the IRS "may credit any overpayment of a (taxpayer) against any outstanding *liability* for any tax owed by the taxpayer making the overpayment" (emphasis added)); I.R.C. § 6321 ("If any person *liable* for any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States".) (emphasis added)). Since I.R.C. § 6703(c)(2) expressly provides that the taxpayer's suit in district court is "for the determination of (the taxpayer's) *liability* for such penalty", plaintiffs could not be liable at the time the IRS setoff their overpayment or filed the notices of federal tax liens against plaintiffs.

### CONCLUSION

This Court orders that plaintiffs' refunds be applied to their 1988 estimated taxes and that any tax liens filed be removed and enjoins the IRS from filing any more tax liens against plaintiffs because of their 1982 penalty. Further, this Court orders that the government pay plaintiffs' costs for this motion.

SO ORDERED.