**58**

In re: TAX REFUND LITIGATION.

BARRISTER ASSOCIATES, Paul Belloff, Robert Gold, Parliament Securities Corp., Irving Cohen, Madison Library, Inc., Universal Publishing Resources, Ltd. and Geoffrey Townsend, Ltd., Plaintiffs–Appellees (Re: 90–6015),

Irving Cohen, Paul Belloff and Robert Gold, Plaintiffs–Appellees (Re: 90–6015), Cross–Appellants (Re: 90–6033),

v.

UNITED STATES of America, Defendant–Appellant (Re: 90–6015), Cross–Appellee (Re: 90–6033).

Nos. 1323, 1406, Dockets 90–6015, 90–6033.

United States Court of Appeals, Second Circuit.

Argued May 9, 1990.

Decided Sept. 11, 1990.

Steven W. Parks, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D.C., Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellant, cross-appellee.

Keith D. Krakaur, New York City (Jules Ritholz, Kostelanetz Ritholz Tigue & Fink, New York City, Nathan M. Silverstein, Silverstein & Osach, New Haven, Conn., of counsel), for plaintiffs-appellees, cross-appellants.

Before ALTIMARI and MAHONEY, Circuit Judges, and CARTER, District Judge.[*]

PER CURIAM:

The United States of America appeals from an order of the United States District Court for the Eastern District of New York, Thomas C. Platt, Jr., *Chief Judge*, reported at 725 F.Supp. 140 (E.D.N.Y. 1989). That order granted a motion made by plaintiffs (the "taxpayers") pursuant to 26 U.S.C. § 6703(c) (1988): (1) to require the Internal Revenue Service ("IRS") to remove certain notices of tax lien previously filed against the taxpayers; (2) to enjoin the filing of any further notices of tax lien against them; and (3) to release certain income tax refunds owing to the taxpayers that the IRS had applied to offset the penalty assessments at issue in this litigation.

In addition, certain of the taxpayers cross-appeal from an order entered January 3, 1990 that allowed the IRS (1) "to maintain any notices of lien that it had filed with any county clerk's office [against taxpayers] prior to November 13, 1989;" and (2) to pay the income tax refunds at issue

---

[*] The Hon. Robert L. Carter, United States District Judge for the Southern District of New York, sitting by designation.

into interest-bearing escrow accounts pending resolution of this appeal.

Litigation of this case continued in the district court following oral argument of this appeal. On July 11, 1990, jury verdicts were returned in favor of the United States on the issue of the taxpayers' liability for penalties assessed against them by the IRS pursuant to 26 U.S.C. § 6700 (1988). Accordingly, the district court at that time orally vacated the orders that are the subject of this appeal, and issued a written order to that effect on August 6, 1990.

■ "A basic tenet of federal jurisdiction is that when a court is presented with issues that 'are no longer "live"' or when the parties 'lack a cognizable interest in the outcome,' the case is moot and therefore outside the court's jurisdictional authority." *R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102, 105 (2d Cir.1989) *cert. denied,* — U.S. ——, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). Given the vacatur of the order from which this appeal was taken, we conclude that the appeal is moot, and therefore must be dismissed.

■ When a civil case becomes moot on appeal from a federal district court pending our decision on the merits, as a general rule "the appropriate disposition is to dismiss the appeal, reverse or vacate the district court judgment, and remand the case to the district court with instructions to dismiss the complaint." *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir.1989) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 527–28, 98 L.Ed.2d 529 (1988); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950)); *accord, City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288 n. 9, 102 S.Ct. 1070, 1074 n. 9, 71 L.Ed.2d 152 (1982); *Long Island Lighting Co. v. Cuomo*, 888 F.2d 230, 233 (2d Cir.1989). *But see Blackwelder*, 866 F.2d at 550 n. 2 (result is a jurisdictional anomaly). The Supreme Court has stated that the effect of this procedure is to prevent a judgment, review of which is precluded because the case has become moot, from "spawning

any legal consequences." *Munsingwear,* 340 U.S. at 41, 71 S.Ct. at 107.

In the case of interlocutory appeals, however, "the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." *Gjertsen v. Board of Election Comm'rs*, 751 F.2d 199, 202 (7th Cir.1984); *see, e.g., In re Interstate Stores, Inc.*, 551 F.2d 1332, 1336 (2d Cir. 1977); *see also* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.10, at 435–36 & n. 33 (2d ed.1984). In this case, furthermore, the district court has already vacated the interlocutory order at issue.

Accordingly, the appeal is dismissed as moot.