■ In the Matter of CHARLES E. HARGETT et al., Appellants, v ANNA V. JEFFERSON et al., Respondents. (Proceeding No. 1.) In

the Matter of VELMANETTE MONTGOMERY, Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and ANNA V. JEFFERSON, Respondent-Respondent. (Proceeding No. 2.) In the Matter of ANNA V. JEFFERSON, Respondent-Respondent, v CHARLES E. HARGETT and JESSE W. SCOTT, Appellants, and ROBERT S. BLACK et al., Constituting the Board of Elections in the City of New York, Respondents. (Proceeding No. 3.) In the Matter of JEANETTE NOTTAGE et al., Appellants, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and ANNA V. JEFFERSON et al., Respondents-Respondents. (Proceeding No. 4.) — Appeals by Charles Hargett, Jesse Scott, Velmanette Montgomery, Jeanette Nottage and Edward Hightower from a judgment of the Supreme Court, Kings County (Held, J.), dated August 16, 1984, which, *inter alia,* dismissed petitions to invalidate the designating petitions of Anna V. Jefferson.

Judgment affirmed, without costs or disbursements.

Anna V. Jefferson submitted to the Board of Elections designating petitions for the public office of State Senator, 22nd Senatorial District, Kings County, New York, and Female Member of the State Committee. The cover sheets of each volume of Jefferson's petition contained all of the information required by subdivision 2 of section 6-134 of the New York State Election Law except that an incorrect total of signatures was noted on the cover sheets. The total number of signatures in the designating petition was overstated, albeit the actual number contained in the petition was more than the minimum amount required. Proceedings were commenced, among other things, to invalidate the designating petitions. Justice Held dismissed the petitions to invalidate. We agree with the court's determination.

There was no evidence of deliberate fraud on the part of the candidate. In fact, Anna V. Jefferson substantially complied with the information requirement of subdivision 2 of section 6-134 of the Election Law. Although strict compliance with statutory mandates as to matters of content of cover sheets is required (see *Matter of Golata v Mahoney,* 60 NY2d 597; *Matter of Engert v McNab,* 60 NY2d 607; *Matter of Hutson v Bass,* 54 NY2d 772), a technical irregularity such as the mathematical error in the instant case does not justify invalidating the designating petition and thereby disenfranchising a great number of Democratic Party members. To find otherwise would, in essence, be exalting form over substance. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.