747 F.2d 94
 Anna V. JEFFERSON, Stanley E. Clark, Arthur Illery and
Nerissa Thompson, Plaintiffs-Appellees,
v.
Robert ABRAMS, as Attorney General of the State of New York;
and Robert S. Black, Orlando Velez, James S. Bass, Matteo
Lumetta, Ferdinand C. Marchi, Rosemary A. Millus, Joseph J.
Previte, Martin Richards, Alice Sachs, and Anthony Sadowski,
Commissioners of Elections, constituting the Board of
Elections in the City of New York, Defendants,
Velmanette Montgomery, Intervenor-Defendant-Appellant,
and
Jeanette Nottage and Edward S. Hightower, Intervenors-Defendants.
 No. 378, Dockets 84-7758, 84-7766.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 25, 1984.
Decided Oct. 23, 1984.
 
 Aaron D. Maslow, Brooklyn, N.Y. (Debra Silber, Brooklyn, N.Y., on the brief), for intervenor-defendant-appellant Montgomery.
 Robert Schmukler, Brooklyn, N.Y., for plaintiffs-appellees.
 Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York, Susan R. Rosenberg, James F.X. Hiler, Paul Marks, Office of the Corp. Counsel, New York City, for defendants-appellants.
 Michelle Weston Patterson, Brooklyn, N.Y. for intervenors-defendants-appellants Nottage and Hightower.
 Before LUMBARD and MESKILL, Circuit Judges, and BRIEANT,* District Judge.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York, Costantino, J., dated September 6, 1984, holding New York Elec. Law Sec. 6-134(2) (McKinney 1978)[1] unconstitutional as applied and directing the Board of Elections of the City of New York to place plaintiff Jefferson's name on the September 11, 1984 Democratic Party primary election ballot as a candidate for State Senator for the Twenty-Second Senatorial District and Female Member of the Democratic State Committee for the Fifty-Seventh Assembly District. The order also directed that plaintiff Clark's name be placed on the primary election ballot for Male Member of the State Committee for the same assembly district.
 
 
 2
 Plaintiffs brought their federal court action after the New York Court of Appeals reversed a lower court decision[2] and held that the failure of Jefferson and Clark to strictly comply with the provisions of section 6-134(2) rendered their designation petitions invalid. This decision caused the Board of Elections to remove the names of Jefferson and Clark from the Democratic primary ballot.
 
 BACKGROUND
 
 3
 On September 5, 1984, Jefferson and Clark brought this 42 U.S.C. Sec. 1983 action seeking a declaration that the New York Court of Appeals' ruling violated their First and Fourteenth Amendment rights under the United States Constitution. They also moved for a temporary restraining order, directing the Board of Elections to place their names back on the primary election ballot. Montgomery, Nottage and Hightower, who were among those initiating the special proceedings resulting in the New York Court of Appeals' decision, were granted intervenor-defendant status in the federal action. Montgomery was a candidate opposing Jefferson for the Democratic nomination for State Senator. Nottage and Hightower were candidates opposing Jefferson and Clark for positions on the Democratic State Committee.
 
 
 4
 The intervenors-defendants moved to dismiss the complaint. The district court denied the motion and ruled that section 6-134(2) was unconstitutional as applied in that it "denies a cognizable group of Democratic Party voters of their right to be represented by the candidate of their choice." Jefferson v. Abrams, No. CV 84 3654, mem. dec. at 3 (E.D.N.Y. Sept. 6, 1984), reprinted in App. at 67. The court ordered that the names of Jefferson and Clark be restored to the primary election ballot. Defendants' motion to the district court for a stay was denied. We denied a similar motion on September 10, 1984 and expedited the appeal. In compliance with the district court's order, the names of Jefferson and Clark were placed on the primary ballot. The following day Jefferson was defeated in the primary election for the State Senate nomination and Jefferson and Clark were both defeated in their quests for the Democratic State Committee posts.
 
 
 5
 Prior to oral argument of the appeal on September 25, 1984, the following events occurred. Jefferson and Clark notified the Court that because of the wide margin of victory by the intervenors there would be no post-primary litigation, Plaintiffs' Affirmation 9/21/84. Intervenors-Defendants-Appellants Nottage and Hightower withdrew their appeal. The Corporation Counsel of the City of New York withdrew the appeal of the Board of Elections. Thus, Intervenor-Defendant-Appellant Montgomery is the only party pressing this appeal.[3]
 
 DISCUSSION
 
 6
 We cannot decide an appeal from a district court's ruling on a constitutional issue simply to satisfy the desire of an unsuccessful party below. Article III, Section 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies. " '[W]hen the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,' " the case is moot. Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)). The controversy must exist at every stage of the proceeding, including the appellate stage. Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973).
 
 
 7
 This case presents a classic situation of mootness in that no party presently has a personal stake in the outcome. Montgomery, Nottage and Hightower, whose chances for nomination were threatened by the court-ordered presence of Jefferson's and Clark's names on the primary ballot have had that threat removed by the voters in the primary election.
 
 
 8
 Nevertheless, Montgomery argues that we should not dismiss this appeal as moot because the district court's decision, if allowed to stand, would place in question the constitutionality of all future state court decisions in which designating petitions are invalidated because of errors on the part of candidates or their agents. But, the district court's decision will not be allowed to stand if we dismiss the appeal as moot. "The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here ... is to reverse or vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Therefore, Montgomery need not be concerned with the effect of the district court decision below.
 
 
 9
 Montgomery also argues that the instant appeal should not be dismissed as moot because the issue here is "capable of repetition, yet evading review," citing Montano v. Lefkowitz, 575 F.2d 378, 382 (2d Cir.1978). Montano was an action brought by the voters of a congressional district challenging, on a one-man, one-vote principle, procedures for nominating candidates for a special congressional election. We concluded that special elections for Congress will recur and that "the very speed with which such elections must be conducted makes the problem of constitutional defects in nomination procedures peculiarly one 'capable of repetition, yet evading review.' " Montano, 575 F.2d at 382. Our situation here is quite different, however. This controversy was mooted by the action of the voters rather than by the passage of time. Also, Montano was a class action; this case is not. In the absence of a class action, to satisfy the "capable of repetition, yet evading review" exception to the mootness rule, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. at 482, 102 S.Ct. at 1183.
 
 
 10
 The district court decided that the New York Election Law was unconstitutional as applied to the petitions of these particular plaintiffs. A repeat of that scenario is highly unlikely. In the State Supreme Court, Justice Held stated that "[c]ounsel for all parties agree that this is a case of first impression." App. at 13. The New York Court of Appeals has now spoken and held that the requirements of section 6-134(2) are "a matter of substance and must be strictly complied with." App. at 20. That decision has precedential value. Those who file petitions in the future are on notice that the count on the face sheet must be accurate when the petition is filed, otherwise the candidate will be denied a position on the ballot. It is not likely that the parties to this dispute will forget this lesson. Therefore, there is no reasonable expectation or demonstrable probability that an identical controversy involving the same complaining party will arise in the future.
 
 
 11
 There is presently no case or controversy which survived the primary election.
 
 
 12
 The judgment of the district court is vacated and the matter is remanded to the district court with instructions to dismiss the action as moot. No costs.
 
 
 
 *
 Honorable Charles L. Brieant, Jr., United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 Section 6-134(2) of the New York Election Law provides:
 Sheets of a designating petition shall be bound together in one or more volumes. The sheets in each volume shall be numbered consecutively at the foot of each sheet, beginning with number one. There shall be a cover sheet attached to each petition consisting of ten or more sheets and each volume thereof. Each cover sheet shall indicate the office for which each designation and nomination is being made, the name and residence address of each candidate, the total number of pages comprising the petition, and the total number of signatures contained in such petition. If the petition is filed in two or more volumes, the cover sheet for each volume shall also contain the following additional information: the number of the volume, the total number of pages in the volume, the total number of signatures contained in the volume, and the numbers of the first and last pages contained therein.
 
 
 [2]
 Other candidates in the Democratic primary and citizen objectors instituted special proceedings under Article 16 of the New York Election Law in the New York State Supreme Court to invalidate the plaintiffs' designating petitions. All proceedings were consolidated and the designating petitions were declared valid. That decision was affirmed by the Appellate Division, Hargett v. Jefferson, 104 A.D.2d 464, 478 N.Y.S.2d 973 (N.Y.App.Div.1984), but reversed by the New York Court of Appeals. It was conceded that the plaintiffs' designation petitions contained sufficient signatures to qualify plaintiffs for placement on the primary election ballot. However, the cover sheets of the volumes of petitions overstated the number of signatures attained
 
 
 [3]
 The Attorney General of the State of New York has shown no inclination to be involved in this litigation