**NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM,
Plaintiff–Appellee,**

v.

**DOLE FOOD COMPANY, INC.,
Defendant–Appellant.**

**No. 1787, Docket 92–7478.**

United States Court of Appeals,
Second Circuit.

Argued May 27, 1992.

Decided July 22, 1992.

Martin Glenn, New York City (Andrew J. Frackman, O'Melveny & Myers, of counsel), for defendant-appellant Dole Food Co., Inc.

Linda H. Young, New York City (O. Peter Sherwood, Corp. Counsel of the City of New York, Pamela Seider Dolgow, of counsel), for plaintiff-appellee New York City Employees' Retirement System.

William M. Tartikoff, General Counsel, Bethesda, Md. (Beth–Ann Roth, Associate Gen. Counsel, Calvert Group, Ltd., of counsel), for amici curiae Calvert Social Inv. Fund and United Broth. of Carpenters.

Before: MINER and WALKER, Circuit Judges, and POLLACK, District Judge.[1]

MINER, Circuit Judge:

Defendant-appellant Dole Food Company, Inc. appeals from an order entered on April 24, 1992 in the United States District Court for the Southern District of New York (Conboy, J.) granting motion by plaintiff-appellee New York City Employees' Retirement System ("NYCERS") for a preliminary injunction. The injunction required Dole, pursuant to Securities and Exchange Commission ("SEC") Rule 14a–8(a), 17 C.F.R. § 240.14a–8(a), to include in its proxy statement for its June 4, 1992 annual

---

**1.** Hon. Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

meeting a proposal that NYCERS, a Dole shareholder, intended to present for shareholder vote at that meeting. Dole immediately appealed the district court's order, but did not seek to stay the injunction. Because the injunction remained in force, Dole proceeded to prepare and mail proxy materials containing the NYCERS proposal. The materials also included management's recommendation that shareholders vote against the proposal.

Dole argues on appeal that SEC Rule 14a–8(c), 17 C.F.R. § 240.14a–8(c), permits omission of the NYCERS proposal from the proxy statement because the subject matter of the proposal falls outside the proper scope of shareholder proposals. Dole bases its contention in part on an SEC no-action letter it obtained from the Office of the Chief Counsel of the Division of Corporation Finance ("Chief Counsel's Office"). The letter indicated that no enforcement action would be recommended against Dole if Dole chose to omit the proposal. As support, the no-action letter cited Rule 14a–8(c)(7), which allows omission where a proposal "deals with a matter relating to the conduct of the ordinary business operations of the [company]." Dole urges us to accord substantial deference to this determination as an administrative agency ruling on its own regulations.

NYCERS takes issue with Dole's arguments for exclusion and asserts that little or no deference is owed the no-action letter in light of the letter's own statement that only a federal court "can decide whether a Company is obligated to include shareholder proposals in its proxy material." NYCERS also contends that the appeal is moot because Dole has complied with the district court's injunction and no decision of this Court can alter the consequences of that action. We agree with NYCERS that the controversy is no longer alive and reject Dole's argument that the matter is capable of repetition yet evades review. Accordingly, we do not address the substantive issues presented by this appeal.

## BACKGROUND

On December 12, 1991, NYCERS, a sizeable holder of Dole stock, notified Dole of its intention to present a proposal relating to national health care policy at the company's 1992 annual meeting set to occur on June 4, 1992. NYCERS requested Dole to include, pursuant to SEC rules, the proposal in the proxy materials to be sent to shareholders in preparation for the meeting. The SEC has established rules governing, *inter alia*, the inclusion of shareholder proposals in a company's proxy statement. In particular, SEC Rule 14a–8, 17 C.F.R. § 240.14a–8, requires a company receiving notice of a shareholder's "intention to present a proposal for action at a forthcoming meeting" to "set forth the proposal in its proxy statement...." 17 C.F.R. § 240.14a–8(a). The shareholder must meet certain eligibility requirements, *id.* § 240.14a–8(a)(1), and the company may omit proposals under certain circumstances enumerated in the Rule, *id.* § 240.14a–8(c).

NYCERS' proposal consisted of a resolution by the shareholders

> request[ing] the Board of Directors to establish a committee of the Board consisting of outside and independent directors for the purpose of evaluating the impact of [several major] health care reform proposals being considered by national policy makers on the company and [its] competitive standing in domestic and international markets....

Dole management, believing the proposal to be an improper subject for shareholder consideration, wrote to the SEC to seek a ruling on the propriety of omitting the proposal from the proxy materials. On February 10, 1992, the Chief Counsel's Office issued a no-action letter stating that it would not recommend enforcement action against Dole if the company decided to exclude NYCERS' proposal from the proxy materials. The no-action letter concluded that the proposal was "directed at involving [Dole] in the political or legislative process." According to the Chief Counsel's Office, the subject matter of the proposal involved Dole's ordinary business operations, and therefore Dole was entitled to omit the proposal from the proxy state-

ment under Rule 14a–8(c)(7), 17 C.F.R. § 240.14a–8(c)(7).

The SEC denied NYCERS' request for further review, prompting NYCERS to institute the instant action on April 9, 1992. The complaint sought preliminary and permanent injunctive relief to force Dole to include NYCERS' proposal in the proxy statement. After conducting a hearing on the matter, the district court concluded that the proposal was not excludable under any of Rule 14a–8(c)'s provisions. The district court granted the injunction and ordered Dole to include the proposal in its proxy materials.

On April 29, Dole sought from this Court an expedited appeal, which was granted in light of the impending shareholder meeting. Dole did not, however, request either the district court or this Court to stay the injunction pending appeal. Thus, rather than risk contempt, Dole complied with the district court's order by preparing and mailing its proxy statement containing the NYCERS proposal. The materials also included management's recommendation to vote against the proposal.

We heard the expedited appeal on May 27 and, with Judge Pollack dissenting, issued a summary order on May 28 finding the matter moot and stating that a full opinion would follow. The annual meeting occurred on schedule and the NYCERS proposal was defeated, garnering just over six percent of the total votes cast. This fact permits NYCERS to resubmit the proposal next year. *See* 17 C.F.R. § 240.14a–8(c)(12)(i) (proposal dealing with substantially similar subject matter as prior proposal may be omitted by company if prior proposal received less than three percent of total votes cast).

## DISCUSSION

■ A case becomes moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.' " *Blackwelder v. Safnauer,* 866 F.2d 548, 551 (2d Cir.1989) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam)); *see also Jefferson v. Abrams,* 747

F.2d 94, 96 (2d Cir.1984). When this occurs, the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action. *Blackwelder,* 866 F.2d at 550; *Jefferson,* 747 F.2d at 96. A moot action therefore must be dismissed, even if the case was live at the outset but later events rendered it moot on appeal. *See Jefferson,* 747 F.2d at 96. "When a civil case becomes moot on appeal from a federal district court, the appropriate disposition is to dismiss the appeal, reverse or vacate the district court judgment, and remand the case to the district court with instructions to dismiss the complaint." *Blackwelder,* 866 F.2d at 550 (citing *Deakins v. Monaghan,* 484 U.S. 193, 200, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950)).

■ Under the circumstances revealed here, this case has become moot due to events occurring during pendency of the appeal. The dispute before the district court was whether Rule 14a–8 required inclusion of the NYCERS proposal in Dole's proxy statement sent to shareholders for the June 4, 1992 annual meeting. The district court concluded that inclusion was mandated and issued the injunction requiring Dole to incorporate the proposal into the proxy mailing. Dole obeyed the mandate and the proposal was included in the mailing to shareholders. Since the relief sought by NYCERS was secured by the mailing of the proxy, and the mailing and the contents of the proxy cannot now be changed or halted by any action we might take, the controversy is no longer alive. *See S.R. Mercantile Corp. v. Maloney,* 909 F.2d 79, 81 (2d Cir.1990) (case moot because no order of appellate court could undo disclosure of documents); *Jefferson,* 747 F.2d at 95–96 (case moot once election held because no appellate court action could affect placement of candidates' names on ballot); *C & C Prods., Inc. v. Messick,* 700 F.2d 635, 637 (11th Cir.1983) (case moot when third party gained access to the confidential documents in issue be-

cause no order by appellate court could undo situation). *Cf. United States v. Phosphate Export Ass'n,* 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968) (mootness defeated where there was voluntary cessation of wrongful conduct with possibility of recurrence).

Dole asserts that the procedures of the annual meeting would have been affected by vacatur of the injunction because the proxy votes remained revocable until the official vote was taken. Thus, shareholders could have changed their votes in response to an announcement that Dole was not required to include the proposal. At the time of oral argument, the vote had yet to occur, and therefore, Dole argues, a live controversy existed before the annual meeting. As NYCERS emphasizes, however, Rule 14a–8 deals solely with inclusions in the proxy statement, not the conduct of the annual meeting. Some shareholders in fact might have changed their votes as a result of a ruling that the proposal need not have been included in the proxy materials, but this fact has nothing to do with the legal question of whether Rule 14a–8 required inclusion of the proposal in the proxy statement. Only that question was answered in the district court's order. Thus, the voting procedures at the meeting would not have been affected in any way by a decision that Dole was entitled to omit the proposal from the proxy statement.

■ Nor does the fact that Dole included the proposal in the proxy statement in order to comply with the injunction keep the dispute alive. *See University of Texas v. Camenisch,* 451 U.S. 390, 393–94, 101 S.Ct. 1830, 1832–33, 68 L.Ed.2d 175 (1981) (appeal rendered moot by university's compliance with injunction ordering it to provide interpreter for deaf student when student graduated); *United States v. Board of Educ.,* 543 F.2d 1, 3 (2d Cir.1976) (appeal mooted by principals' compliance with court order requiring submission of reports to federal government); *see also United States v. Sherlock,* 756 F.2d 1145, 1146–47 (5th Cir.1985) (appeal mooted by taxpayer's compliance with court order to produce documents pursuant to IRS subpoena); *Curtis v. Taylor,* 625 F.2d 645, 647–48 (5th Cir.) (case mooted by state mailing of new notice to Medicaid recipients in compliance with court order), *rehearing denied and modified on other grounds,* 648 F.2d 946 (5th Cir.1980). While under certain circumstances compliance with an injunction will not moot a case, those situations arise only when some part of the controversy remains. *See* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure 2d § 3533.2 at 249–53 (1984). As noted previously, in this case the proposal could not have been kept out of the proxy materials and NYCERS has obtained the relief it sought. The injunction no longer controls the future activities of the parties and the consequences of the inclusion of the proposition in the proxy statement cannot be undone. Thus, the reasons this case became moot are not somehow invalidated or rendered irrelevant merely because Dole obeyed the court's order. If obeying the order "fully and irrevocably" carries out the terms of the injunction, the controversy is mooted. *Camenisch,* 451 U.S. at 398, 101 S.Ct. at 1835; *see also* Wright, Miller & Cooper, § 3533.2 at 253–57. The dispositive factor here is that the mailing removed this Court's ability to affect the rights of the parties. Dole's motivation for taking the action is irrelevant.

■ Dole next argues that this situation meets the exception to mootness for situations capable of repetition but evading review. For a case that is not a class action to be capable of repetition yet evading review, two conditions must exist: "the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration [i.e. evading review]," and "there [must be] a reasonable expectation that the same complaining party would be subjected to the same action again [i.e. capable of repetition]." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975) (per curiam); *see also Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183–84.

It is possible, as Dole asserts, that NYCERS will attempt again next year to have

a similar proposal included in the proxy materials. Dole assures us that it will again attempt to exclude the proposal. While this would seem to satisfy the capable of repetition element, we do not agree that this case evades review. "Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." *Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012, 1016 (9th Cir.1989) (quotation and citations omitted); *see also Koppers Indus., Inc. v. E.P.A.*, 902 F.2d 756, 759 (9th Cir.1990) (action does not evade review "where, through the party's own failure to seek and obtain a stay, he or she has prevented an appellate court from reviewing the trial court's decision"). Indeed, some courts have gone so far as to suggest that an appealing party should risk contempt in order to preserve the controversy. *Koppers*, 902 F.2d at 759; *United States v. Cleveland Elec. Illuminating Co.*, 689 F.2d 66, 68 (6th Cir.1982) (per curiam). While we would not ordinarily expect a party to court contempt in order to keep a controversy alive, in the instant case Dole did not even seek a stay pending appeal.

Furthermore, if NYCERS offers the same proposal again next year, Dole will have the opportunity to bring an appropriate action at that time to attempt to prevent inclusion. *Kennedy v. Block*, 784 F.2d 1220, 1223 (4th Cir.1986). As Rule 14a–8 requires shareholders to submit proposals to management at least 120 days before the proxy statement is released, 17 C.F.R. § 240.14a–8(a)(3)(i), there should be ample time for full review of the case while it remains a live controversy. Indeed, court proceedings in this case took only 42 days from the filing of the complaint to this Court's initial summary disposition. Since Dole did not seek a stay of the injunction and there will be sufficient opportunity for full review if the issue arises again, we cannot say that an order requiring placement of the NYCERS resolution in the proxy materials would evade review.

Finally, any objection by Dole that the district court's disposition of this case will be res judicata as to any future suit is incorrect. As noted earlier, the usual procedure when a civil case becomes moot on appeal is to vacate the judgment below and remand with directions to dismiss the case. *Blackwelder*, 866 F.2d at 550 (citations omitted). The reason for this is precisely to avoid giving preclusive effect to a judgment never reviewed by an appellate court. *Deakins*, 484 U.S. at 200, 108 S.Ct. at 528; *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 73–74 (2d Cir.1991). The legal question of whether Rule 14a–8 mandates inclusion of NYCERS' proposal in Dole's proxy statement therefore remains unresolved.

## CONCLUSION

For the foregoing reasons the appeal is dismissed as moot. The order of the district court is vacated and the case is remanded with directions to dismiss the action.

MILTON POLLACK, Senior District Judge, concurring:

I concur in the result reached by the Court. I dissented from the Court's order of May 28, 1992 which decreed merely that the appeal from the order of the District Court be dismissed as moot.

At that time it appeared to me that the District Court erred in disregarding the long line of SEC no-action letters stating that health care reform proposals identical or similar to the proposal at issue here may be excluded under Rule 14a–8(c)(7). The SEC's interpretation of its own administrative regulations is entitled to great weight. *See, e.g., Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945) (stating that when construing an administrative regulation, "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation").

As I viewed it, NYCERS' proposal called for no corporate decision to take or not take any action and, in fact, did not involve corporate policy at all, and therefore was an undisguised attempt to involve Dole in a

**1436**

national political debate. The SEC's no-action letter and in general its position on shareholder proposals involving health care reform (consisting of no-action letters on 12 health care reform proposals submitted by shareholders to companies in the last two years) made this a classic case for deferral to the SEC.

The Opinion on this appeal now concludes that "the order of the district court is vacated and the case is remanded with directions to dismiss the action," thus implementing the usual procedure when a civil case becomes moot on appeal. The holding specifically states that the "legal question of whether Rule 14a–8 mandates inclusion of NYCERS' proposal in Dole's proxy statement therefore remains unresolved."

I therefore now withdraw my dissent for practical reasons and concur in the result reached by the Court.