John W. **RIORDAN**; Jane Fox, Plaintiffs–Appellees,

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,** Defendant–Appellant.

**No. 1793, Docket 92–7160.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 17, 1992.

Decided Jan. 21, 1993.

Neil A. Goldberg, Buffalo, NY (Lawrence A. Schulz, Richard J. Cohen, Saperston & Day, of counsel) for defendant-appellant.

Jonathan J. Wilkofsky, New York City (Mark L. Friedman, David B. Karel, Wilkofsky, Friedman, Karel & Cummins, of counsel) for plaintiffs-appellees.

Before WINTER, MINER and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Defendant Nationwide Mutual Fire Insurance Company appealed from a judgment entered on January 15, 1992 after a jury trial in the United States District Court for the Southern District of New York (Brieant, *Ch.J.*) awarding a total of $349,304.34 in damages, including $150,000 for punitive damages, and $174,652.17 in attorney's fees to plaintiffs John Riordan and Jane Fox. Nationwide argued, *inter alia,* that N.Y.Ins.Law § 2601, providing the Commissioner of Insurance with a range of administrative remedies, preempted a private claim for punitive damages against an insurance company; that N.Y.Gen.Bus.Law § 349(h) did not apply to transactions between insurance companies and their insureds; and that the district court abused its discretion by awarding attorney's fees equal to one-half the judgement awarded. On October 2, 1992, we affirmed the judgment of the district court in all respects, except as to the punitive damages issue. *See Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47 (2d Cir.1992).

Because the issue of the applicability of N.Y.Ins.Law § 2601 to punitive damage awards against insurance companies directly implicated a strong public policy interest of New York and because a split of authority existed between at least two Appellate Division Departments, we certified the following two questions to the New York Court of Appeals:

1. Does Ins.Law § 2601 preempt the common law right to punitive damages in private lawsuits premised on unfair claim practices in breach of an insurance contract?

2. If Ins.Law § 2601 does not preempt the common law right to punitive damages, must the insured, in order to recover punitive damages, prove that the insurer engaged in morally reprehensible conduct aimed at the general public such that anyone doing business with the insurer could be exposed to the conduct?

*Id.* at 56–57. The New York Court of Appeals has not yet decided whether to accept the certified questions.

Subsequent to our submission of these certified questions, Nationwide tendered, and the plaintiffs accepted, the full amount of the judgment, plus interest, costs and disbursements. A copy of the satisfaction of judgment has been filed in the district court. Inasmuch as the judgment against Nationwide has been satisfied, the certified questions submitted to the New York Court of Appeals are moot. *See New York City Employees' Retirement Sys. v. Dole Food Co.,* 969 F.2d 1430, 1433 (2d Cir.1992) ("A case becomes moot 'when the issues presented are no longer "live" or the parties "lack a legally cognizable interest in the outcome." ' ") (citations omitted). Plaintiffs argue that the certified questions should not be withdrawn because the issues, although capable of repetition, will evade review. However, plaintiffs have failed to demonstrate that actions against insurance companies for punitive damages are too short in duration "to be fully litigated prior to [their] cessation or expiration" and that the same complaining party would be subjected to the same action again. *See id.* at 1434.

Accordingly, we hereby withdraw our certification to the New York Court of Appeals, *cf. Coastal Petroleum Co. v. Secretary of the Army,* 536 F.2d 1030 (5th Cir. 1976) (per curiam) (withdrawing certified questions to the Florida Supreme Court following settlement), and order that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a letter withdrawing the certified questions, together with a copy of this opinion.

The motion of Nationwide Mutual Insurance Company for withdrawal of the certified questions is granted, and the final mandate shall issue forthwith.