4

**Alexis Milton EDWARDS,**
**Petitioner–Appellant,**

v.

**John ASHCROFT, Bureau of Immigra-**
**tion and Customs Enforcement,**
**Respondents–Appellees.**

**No. 04–1314–PR.**

United States Court of Appeals,
Second Circuit.

Feb. 1, 2005.

Alexis Milton Edwards, (on submission), Leesport, PA, for Petitioner–Appellant, pro se.

Steven Kim, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (on submission) (F. Franklin Amanat, Varuni Nelson), Brooklyn, NY, for Respondents–Appellees, of counsel.

Present: OAKES, KEARSE and CALABRESI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED.**

Petitioner–Appellant Alexis Milton Edwards ("Edwards") appeals from the judgment of the district court (Gleeson, *J.*) finding his habeas petition to be moot. In that petition, Edwards challenged certain aspects of his immigration detention as contrary to the statutes and regulations governing Bureau of Immigration and Customs Enforcement detention. During the pendency of this appeal, another panel of this court vacated Edwards's order of removal, and ordered that he be awarded § 212(c) relief. *See Edwards v. INS*, 393 F.3d 299, 312 (2d Cir.2004). As a result of this decision, Edwards was released from immigration detention on January 19, 2005. Edwards's release renders the issues presented in this appeal moot, and, we must dismiss his appeal. *See New York City Employees' Ret. Sys. v. Dole Food Co., Inc.*, 969 F.2d 1430, 1433 (2d Cir.1992) (a case which becomes moot during the pendency of an appeal must be

dismissed as moot). In accordance with our usual procedure, we VACATE the un-reviewed decision of the district court, and remand to that court with instructions to vacate the judgment and dismiss the action. *See, e.g., Perez v. Greiner*, 296 F.3d 123, 126–127 & n. 7 (2d Cir.2002). The appeal is DISMISSED. Edwards's motions for the appointment of counsel and requesting oral argument are DENIED as moot.