[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13696
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cv-02308-RAL-MAP

KEITH STANSELL, et al.,

Plaintiff - Appellee,

versus

REVOLUTIONARY ARMED FORCES OF COLUMBIA (FARC), et al.,

Defendants,

SAI ADVISORS INC.,
NOOR PLANTATION INVESTMENTS LLC,
11420 CORP.,

Claimants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 10, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

In 2010, Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis—as personal representative of Thomas Janis' estate—and Thomas Janis' surviving children (collectively, Appellees) obtained a $318 million default judgment against the Revolutionary Armed Forces of Colombia (FARC) under the Antiterrorism Act, 28 U.S.C. § 2333.  Since then, Appellees have attempted to satisfy that judgment by seizing "the blocked assets of any [FARC] agency or instrumentality" pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 (TRIA).[1]

On June 28, 2018, the district court issued writs of execution against twelve properties owned by three Florida corporate entities—SAI Advisors, Inc., Noor Plantation Investments LLC, and 11420 Corp. (collectively, Claimants)—after finding that the entities constituted instrumentalities of FARC under TRIA. Claimants filed a motion to set aside the final judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that they are entitled to a hearing in order to prove

---

[1] Section 201(a) of TRIA reads:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1506(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

2

that they are not "agencies or instrumentalities" of FARC.  The district court denied their motion and set a date for the sale of the twelve properties.  Claimants sought a stay of the public sale, which was eventually denied.[2]  The properties were sold on October 26, 2018.

Claimants appeal the district court's order denying their Rule 60(b) motion.  Specifically, Claimants ask us to "remand with directions to provide Claimants a reasonable opportunity to be heard before execution on their properties."  Because the properties have been sold, this case is moot.  We therefore dismiss it for lack of jurisdiction.

## I.  Factual and Procedural Background

On February 13, 2003, Stansell, Gonsalves, Howes, and Thomas Janis were flying over Colombia while conducting counter-narcotics reconnaissance.  Members of FARC shot their plane down and captured the group.  FARC members executed Janis immediately, and held the others hostage for five years.

After they were rescued, Stansell, Gonsalves, and Howes—along with Janis' wife, Judith, as personal representative of his estate, and Janis' surviving children—filed a complaint against FARC in the United States District Court for the Middle District of Florida under the Antiterrorism Act, 28 U.S.C. § 2333.

---

[2] The district court denied the motion for a stay.  On appeal, we issued an order temporarily granting the stay and subsequently lifted the temporary stay.  Claimants filed a motion for reconsideration, which we denied.

FARC representatives failed to appear.  Consequently, on June 15, 2010, the district court entered a $313,030,000 default judgment in favor of Plaintiffs. "Because of the difficulty inherent in the direct execution of a judgment against a terrorist organization, Plaintiffs sought to satisfy their award by seizing the assets of 'agenc[ies] or instrumentalit[ies]' of FARC pursuant to § 201(a) of TRIA." *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC), et al.*, 771 F.3d 713, 722 (11th Cir. 2014) (citations omitted).  Under TRIA, judgment creditors may satisfy an Antiterrorism Act judgment if (1) the Department of Treasury's Office of Foreign Assets Control (OFAC) blocks properties under Executive Order 13692,[3] the Trading with the Enemy Act, or the International Emergency

---

[3] On March 8, 2015, President Obama issued Executive Order entitled "Blocking Property and Suspending Entry of Certain Persons Contributing to the Situation in Venezuela," which declared a national emergency with respect to the "exacerbating presence of significant public corruption" in Venezuela and blocked "all property and interests in property that are in the United States" by "any person" determined by the Treasury:

> (A)    to be responsible for or complicit in, or responsible for ordering, controlling, or otherwise directing, or to have participated in, directly or indirectly, any of the following in or in relation to Venezuela:
>
> . . . .
>
>> (4) public corruption by senior officials within the Government of Venezuela;
>
> . . . .
>
> (C) to be a current or former official of the Government of Venezuela;
> (D) to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of:
>> (1) a person whose property and interests in property are blocked pursuant to this order; or
>> (2) an activity described in subsection (a)(ii)(A) of this section; or

Economic Powers Act, and (2) the judgment creditors establish that the blocked properties are owned by the terrorist organization they received a judgment against, or agents or instrumentalities of that terrorist organization.  *See* § 201(a) of TRIA, Pub. L. No. 107-297, 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); *see also Stansell*, 771 F.3d at 726.  "If the party wishes to execute against the assets of a terrorist party's agency or instrumentality, the party must further establish that the purported agency or instrumentality is actually an agency or instrumentality."  *Stansell*, 711 F.3d at 723.

On May 18, 2018, OFAC blocked the twelve properties at issue pursuant to Executive Order 13692.  Then, on June 10, 2018, Appellees filed a motion for TRIA executions on the twelve blocked properties.  They argued that each of the three Claimants were agents or instrumentalities of FARC within the meaning of § 201(a) of TRIA.  In support of Appellees' argument that Claimants constitute agents or instrumentalities of FARC, they filed 44 exhibits and two expert affidavits.

---

> (E) to be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order.

Exec. Order No. 13692, 80 Fed. Reg. 12747 (Mar. 8, 2015).

On June 28, 2018, the district court entered an order designating Claimants as agents or instrumentalities of FARC and concluding that Appellees were entitled to writs of execution on the twelve properties.  According to the district court,

> Plaintiffs, through their extensive submissions, have adequately established that (1) they have obtained a judgment against a terrorist party (the FARC) that is based on a claim of terrorism, (2) the assets which Plaintiff seek to execute on are blocked assets as that term is defined in the Terrorism Risk Insurance Act, (3) the total amount of the execution does not exceed the assets of the terrorist's agency or instrumentality, and (4) the owners of the assets which Plaintiffs seek to execute on is actually an agency or instrumentality of a terrorist party (the FARC).

The next day, the clerk of the court issued the writs of execution pursuant to the district court's order.  On July 6, Appellees perfected their judgment lien in compliance with Florida Statute § 55.10.

On July 17, the U.S. Marshal levied on the twelve parcels, posting each writ of execution in an open and conspicuous manner on each property.  The notices indicated that the public sale would occur on September 7, 2018.  Then, on July 27, the U.S. Marshal provided additional certified mail notice to the Claimants' registered corporate addresses and their attorney of record in compliance with Florida Statute § 56.21.  Claimants' attorney at the time, Mr. Videl-Cordero, received the documents and actual notice of the execution proceedings on August 2.

On August 30, the Claimants filed a Rule 60(b) motion, urging the district court to either vacate or stay the writs of execution issued on June 28 and afford them "the opportunity to present evidence refuting the agency or instrumentality designation."  The district court denied Claimants' Rule 60(b) motion, noting how Claimants failed to establish that they were not "agents or instrumentalities" of FARC.  Order Den. Mot. to Vacate at 2 ("[A] 'bald assertion' of counsel without any supporting facts such as affidavits from property owners refuting the agency or instrumentality designation or legal argument that Claimants are improperly designated by the OFAC, is insufficient to grant relief." (citing *Stansell*, 771 F.3d at 738, 740–41)).  Furthermore, the court noted that

> Claimants are afforded an opportunity to be heard now, and they have presented no basis to refute, either in fact or law, the agency or instrumentality designation.  This Court, after due consideration of the Claimant's argument and submissions, or lack thereof, concludes that the agency or instrumentality designation stands as true based on the total absence of any valid or arguable flaw.

*Id.* at 3.

That day, Claimants filed a Notice of Appeal.  Then, on September 4, Claimants motioned the district court to stay the September 7 public sale.  The district court denied the request.  Claimants then filed an emergency stay motion with this Court.  On September 6, we temporarily granted the stay.  Two weeks

7

later, we lifted the temporary stay.  Claimants then filed a motion for reconsideration, which we denied.

The appellate stay having been lifted, the U.S. Marshal scheduled the public sale for October 26, 2018.  The Marshal again gave the requisite statutory certified mail notice before publishing the new date four times.  On October 26, the Marshal conducted the public sale.  Appellees submitted the winning bids on all twelve parcels, and therefore are the legal owners.

All that is left to review is Claimants' initial appeal of the district court order denying Claimants' Rule 60(b) motion to vacate.

## II. Jurisdiction

"Article III of the Constitution limits jurisdiction of the federal courts to the consideration of certain 'Cases' and 'Controversies.'"  *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (citing U.S. Const. art. III § 2).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation and citation omitted).  So, "[w]hen events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give meaningful relief, the case is moot and must be dismissed."  *Fla. Ass'n of*

8

*Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1206, 1216 (11th Cir. 2000).

Here, we are unable to grant meaningful relief. Claimants ask us to remand with instructions for the district court to hold a hearing aimed at determining whether they are agents or instrumentalities of FARC. The agents or instrumentalities designation is important because it is one of two requirements a plaintiff must satisfy in order to prove that certain properties are subject to execution under TRIA. The district court determined that both requirements were met here: (1) OFAC "blocked" the twelve properties; and (2) Claimants were agents or instrumentalities of FARC. Accordingly, the court issued a writ of execution on the Claimants' twelve properties and those properties were subsequently sold at a public sale. Given the sale, it would be fruitless for us to instruct the district court to hold a hearing to reconsider the agents or instrumentalities designation. That is, a determination that Claimants are not agents or instrumentalities of a terrorist organization would not rescind the sale. Consequently, no meaningful relief can be granted. This appeal is moot.

Claimants argue that this case falls into the capable of repetition, yet evading review exception to mootness. That exception "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining

party will be subject to the same action again." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014). Claimants argue that both prongs are satisfied. First, Claimants argue the challenged action—the sale of Claimants' properties without due process—was too short to be fully litigated prior to cessation because, following this Court's lifting of the stay, the public sale went forth. Second, Claimants argue that they have a reasonable expectation that they will be subject to similar execution efforts in the future because Appellees will continue to execute on their judgment.

We are not persuaded that Claimants satisfy either prong. First, Claimants cannot prove that the action is so short in duration as to evade review. In fact, review did occur—we considered Claimants' motion for a stay of the public sale, and even temporarily granted it before eventually lifting the stay. As many of our sister circuits have held, "[w]here prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." *Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.*, 893 F.2d 1012, 1016 (9th Cir. 1989) (quoting *Am. Horse. Prot. Ass'n, Inc. v. Watt*, 679 F.2d 150, 151 (9th Cir. 1982) (per curiam)); *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1173 (8th Cir. 1994); *New York City Emps. Ret. Sys. v. Dole Food Co., Inc.*, 969 F.2d 1430, 1435 (2d Cir. 1992); *cf. In re Matos*, 790 F.2d 864, 865 (11th Cir. 1986) ("It is settled law in this circuit that when the debtor fails to obtain a

10

stay pending appeal of the bankruptcy court's or the district court's order setting aside an automatic stay and allowing a creditor to foreclose on a property, the subsequent foreclosure and sale of the property renders moot any appeal."). Moreover, we agree with the Ninth Circuit that it does not matter that the Claimants' stay was ultimately denied. *See Headwaters, Inc.*, 893 F.3d at 1016 n.8. Because we in fact did review Claimants' motion to stay, this is not a claim that "evades review."

Likewise, Claimants have not demonstrated that there is a "reasonable expectation" of repetition. As mentioned, a plaintiff seeking a writ of execution under TRIA must prove (1) that those properties are "blocked" and (2) that the properties are owned by a terrorist organization or agents or instrumentalities of that terrorist group. Here, Claimants have put forth no evidence suggesting that OFAC has "blocked" any more of Claimants' properties. Moreover, in a subsequent suit, Appellees would have to independently establish that Claimants are agents or instrumentalities of a terrorist organization. And Claimants could refute that designation.[4] Ultimately, the capable of repetition, yet evading review exception to mootness is inapplicable here.

---

[4] We do not comment on whether issue preclusion may bar Claimants from disputing an agency or instrumentality designation made in subsequent actions.

11

Because this appeal is moot and no exception applies, we must dismiss it for

lack of jurisdiction.[5]

**DISMISSED.**

---

[5] Claimants frame the issue on appeal as: "Whether Claimants-Appellants are entitled to a post-deprivation due process hearing prior to execution on their properties."  We do not want our dismissal for lack of jurisdiction to be perceived as resolving that merits question in the negative. That is, in dismissing for lack of jurisdiction, we are not holding that future claimants are not entitled to a post-deprivation due process hearing prior to execution on their properties.