*De Souza-De Queiroz v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

ADEMIR DE SOUZA-DE QUEIROZ,
> *Plaintiff-Appellant,*


v.                                                        18-2234


WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Gerald R. Nowotny, Latin American Law Center, Canton, CT. |
| **FOR DEFENDANT-APPELLEE:** | Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation; Joseph H. Hunt, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel, United States Department of Justice, Washington, DC. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Appellant's appeal is **DISMISSED** as moot.

Appellant Ademir De Souza-De Queiroz filed a complaint for injunctive and mandamus relief to stay his removal and compel the Board of Immigration Appeals ("BIA") to adjudicate his appeal of an immigration judge's ("IJ's") denial of his motion to reopen his removal proceedings prior to his removal. De Souza-De Queiroz also moved for (1) an emergency stay of removal while he litigated his immigration case and (2) a temporary restraining order ("TRO") to prevent his removal while the District Court considered his stay motion. In July 2018, the District Court denied the motion for a TRO for lack of jurisdiction. In October 2018, the District Court also denied the stay motion and dismissed the case for lack of jurisdiction. De Souza-De Queiroz appeals the denial of the TRO and argues that the District Court had jurisdiction over his mandamus action and motions.

The essence of De Souza-De Queiroz's action in district court was to stay his removal pending the BIA's decision on his motion to reopen his removal proceedings and to compel the BIA to rule before he was removed. The BIA has since denied the motion to reopen following the filing of this appeal. The action and appeal are therefore moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85,

2

91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (some internal quotation marks omitted)); *N.Y.C. Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992) (emphasizing that an appeal must be dismissed "even if the case was live at the outset but later events rendered it moot on appeal").  "When a civil case becomes moot on appeal from a federal district court, the appropriate disposition is to dismiss the appeal, reverse or vacate the district court judgment, and remand the case to the district court with instructions to dismiss the complaint."  *Id.* (quoting *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989)).

Accordingly, we DISMISS the appeal, vacate the judgment, and remand for the District Court to dismiss the action as moot.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We note that De Souza-De Queiroz has filed a timely petition for review of the BIA's denial of the motion to reopen.  That petition is pending before this Court.  *See* Dkt. No. 18-3705.

3