21-84-cv
*Whitebox Relative Value Partners, LP et al. v. Transocean Ltd., Transocean Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:  DENNIS JACOBS,
REENA RAGGI,
WILLIAM J. NARDINI,
*Circuit Judges.*

---

WHITEBOX RELATIVE VALUE PARTNERS, LP, WHITEBOX GT FUND, LP, WHITEBOX MULTI-STRATEGY PARTNERS, LP, PANDORA SELECT PARTNERS, LP,

*Plaintiffs-Counter-Defendants-Appellants*,

v.                                          21-84-cv

TRANSOCEAN LTD., TRANSOCEAN INC.,

*Defendants-Counter-Claimants-Appellees.*

---

For Plaintiffs-Counter-Defendants-Appellants:  ANDREW M. LEBLANC (Dennis F. Dunne, Tyson Lomazow, Jed M. Schwartz, Brett P. Lowe, *on the brief*), Milbank LLP, New York, NY, and Washington, DC.

For Defendants-Counter-Claimants-Appellees:  GLENN M. KURTZ (Gregory M. Starner, Joshua D. Weedman, Jennifer M. Thomas, Catherine E.

Stetson, *on the brief*), White & Case LLP, New York, NY, and Hogan Lovells US LLP, Washington, DC.

On appeal from the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot, the judgment of the district court entered on January 7, 2021, is **VACATED**, and the case is **REMANDED** to the district court with instructions to dismiss Appellants' claims and Appellees' counterclaims as moot.

Plaintiffs-Counter-Defendants-Appellants ("Whitebox") brought this action alleging that Defendants-Counter-Claimants-Appellees ("Transocean") violated Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 by deliberately misstating and withholding material facts—including Transocean's alleged default under an indenture governing notes maturing in 2027 (the "2027 Indenture")—in connection with Transocean's internal reorganization and associated exchange transaction.[1]  Transocean filed counterclaims against Whitebox seeking, among other relief, a declaratory judgment that Transocean had not defaulted under the 2027 Indenture and that Whitebox's notice of default was invalid.  Transocean and Whitebox filed cross motions for summary judgment on the counterclaims.  The district court granted Transocean's motion, denied Whitebox's, and ordered declaratory judgment in favor of Transocean on the counterclaims. Whitebox then filed a conditional stipulation of dismissal of the securities claims to the effect that Whitebox can reassert those claims only if Whitebox succeeds in obtaining a reversal of the district court's declaratory judgment on appeal.[2]  The district court entered judgment on January 7, 2021. Whitebox timely appealed.[3]

"We review *de novo* the award of summary judgment, constru[ing] the evidence in the light most favorable to the [nonmoving party] and drawing all reasonable inferences and resolving all ambiguities in [its] favor."  *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks omitted) (alterations in original).

Whitebox and Transocean do not dispute the material facts regarding the exchange transaction at issue.  The sole issue on appeal is whether Transocean was permitted to execute the

---

[1] Appellants hold notes issued pursuant to the 2027 Indenture.

[2] The parties' stipulation dismissing Whitebox's securities claims against Transocean did so "without prejudice to Whitebox reasserting them if, but only if, Whitebox successfully obtains a reversal on appeal" of the district court's order granting declaratory judgment in favor of Transocean.  Special App'x at 18.  But if the district court's order is "affirmed on appeal, Whitebox's [s]ecurities [c]laims shall be deemed dismissed with prejudice."  *Id.*

[3] The judgment is final and appealable even though the securities claims may be reasserted under certain, limited circumstances.  *See Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003).

exchange transaction as it did or whether, as Whitebox argues, Transocean defaulted as to certain terms of the 2027 Indenture. Specifically, Whitebox argues that Transocean defaulted under Section 11.03 of the 2027 Indenture when, in connection with the exchange transaction, Transocean created three new intermediate holding company subsidiaries without providing certain guarantees and, in so doing, improperly subordinated notes issued under the 2027 Indenture to the newly issued debt. We need not reach the merits of this question, however, because we hold that the appeal is moot.

On December 1, 2020, before the district court ruled on the parties' cross motions for summary judgment and entered declaratory judgment, Transocean filed a letter in which it indicated that it had "elected to implement certain internal reorganization transactions to resolve the allegations in [Whitebox's notice of default] that were completed [the day prior]." App'x at 1773. As a result of these additional transactions, "the recently-created [intermediate holding companies] which were the subject of the [notice of default] ha[d] been eliminated," thus restoring the seniority of the notes issued pursuant to the 2027 Indenture and curing the alleged default. *Id.* As a result, the dispute as to whether Transocean defaulted under the 2027 Indenture is "no longer live and the parties lack a legally cognizable interest in the outcome of this appeal." *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (internal quotation marks omitted) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

To be sure, Transocean's curative actions—taken *before* the district court rendered its judgment in favor of Transocean—did not, at the time, deprive the district court of subject matter jurisdiction over the dispute involving those transactions because the district court still had pending before it (1) Whitebox's securities law claims and (2) Transocean's request for an injunction to compel Whitebox to withdraw its notice of default. But neither of those claims are before us and thus do not, on their own, present a live case or controversy under Article III of the Constitution. Indeed, Whitebox dismissed the securities claims voluntarily for the purpose of expediting appellate review of the district court's disposition of Transocean's counterclaims. And Transocean did not cross appeal the district court's order declining to enjoin Whitebox. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)); *id.* at 90–91 ("[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." (internal quotation marks omitted)). Further, as the parties agreed at oral argument, the potential for Whitebox's securities claims to be revived on condition of reversal of the district court's declaratory judgment does not alone render the contested issue of default no longer moot. *See id.* at 91 ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." (internal quotation marks omitted)). That Transocean indicated at oral argument that it had no intention of repeating the challenged action—even though it prevailed in the court below—only reinforces our conclusion that the appeal before us is moot.

When a case becomes moot on appeal, "[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). "The reason for this is . . . to avoid giving preclusive effect to a judgment never reviewed by an appellate court." *New York City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1435 (2d Cir. 1992). "To determine whether vacatur is appropriate, we must look at the equities of the individual case." *Hassoun*, 976 F.3d at 130 (internal quotation marks omitted) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). Vacatur "is generally appropriate where mootness arises through 'happenstance,' or the unilateral action of the party prevailing below . . . ." *Hassoun*, 976 F.3d at 131 (quoting *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 53–54 (1st Cir. 2002)). "[T]he touchstone of our analysis" is "[t]he appellant's fault in causing mootness." *FDIC v. Regency Sav. Bank, F.S.B.*, 271 F.3d 75, 77 (2d Cir. 2001). "If the appellant has taken action depriving us of continuing jurisdiction over the case, under circumstances that suggest an intention to do so, the appellant is deemed to have forfeited the benefit of the equitable remedy of vacatur of the judgment of the lower court." *Id.* But if the "appeal [is] 'frustrated by the vagaries of circumstance,'" *Hassoun*, 976 F.3d at 131 (quoting *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25), vacatur remains appropriate, *id.* at 133.

Here, the record presents no indication (and neither party suggests) that Transocean sought to deliberately evade judicial review to preserve a favorable judgment. *See Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018). Indeed, Transocean could not have done so because its curative actions as to the alleged default were taken before the district court ruled on the cross motions for summary judgment. To the contrary, Transocean argued in the court below that its decision to cure the alleged default did *not* moot the case and that it undertook the curative actions to prevent any loss of access to Transocean's substantial credit facilities (unrelated to the parties' dispute), which provide Transocean with "accessible capital to support its business operations and capital requirements." App'x at 1772. And although Transocean's cure may have initiated the sequence of events that resulted in this case becoming moot, it was not that action alone that caused "the parties [to] lack a legally cognizable interest in the outcome" of this case. *Already, LLC*, 568 U.S. at 91. Instead, this appeal has been "frustrated by the vagaries of circumstance," *Hassoun*, 976 F.3d at 131, within the meaning of "happenstance" under *Munsingwear* because of events subsequent to Transocean's cure, including the district court's declaratory judgment in favor of Transocean, Whitebox's voluntary dismissal of the securities claims, and Transocean's decision to not cross appeal the district court's refusal to enjoin Whitebox, *see Munsingwear, Inc.*, 340 U.S. at 40; *Hassoun*, 976 F.3d at 132. Accordingly, we vacate the district court's judgment.

4

Accordingly, the appeal is **DISMISSED** as moot, the judgment of the district court entered on January 7, 2021, is **VACATED**, and the case is **REMANDED** to the district court with instructions to dismiss Appellants' claims and Appellees' counterclaims as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court