77 F.3d 660
 The FREEDOM PARTY OF NEW YORK; Al Sharpton and Ernest
Foster, Plaintiffs-Appellees,
v.
The NEW YORK STATE BOARD OF ELECTIONS and The New York City
Board of Elections, Defendants,
The Tax Cut Now Party; Thomas Reynolds; William D. Powers;
Joseph N. Mondello; Clarence D. Rappleyea and John F.
Nolan, each individually and in their capacities as members
of the Tax Cut Now Party, Defendants-Appellants.
 No. 239, Docket 95-7239.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 21, 1995.
Decided Feb. 26, 1996.
 
 Lawrence A. Mandelker, New York City, for Defendants-Appellants.
 Terrance O. Morris, Brooklyn, NY, for Plaintiffs-Appellees.
 Before: CARDAMONE, WALKER, and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants appeal from an order granting a preliminary injunction against them by the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., District Judge ). Appellants allege that the district judge erred in enjoining them from running any candidates in the 68th Assembly District under the "Freedom Party" name. They claim that Appellees, who first used the name "Freedom Party," failed to make an adequate showing of a likelihood of success on the merits of their claim for name protection.
 
 
 2
 Because we find Appellants' claim to be moot, we dismiss their appeal.
 
 BACKGROUND
 
 3
 In 1994, Appellees organized a group "to address the needs of citizens of the State of New York who have been disenfranchised by the electoral process" and to "focus on the needs of African-Americans." They named their group the "Freedom Party." Under this name, Appellees circulated a nominating petition in July 1994, which attempted to nominate several individuals for the November 1994 general election. In August 1994, the nominating petition was filed with the New York State Board of Elections ("State Board") and the names of Appellees' candidates were placed on the ballot.
 
 
 4
 The Liberal Party subsequently challenged Appellees' nominating petition and the State Board removed the Freedom Party's candidates' names from the ballot, ruling that they fell short of the 15,000 valid signatures needed. However, on October 21, 1994, the State Board reversed itself and recommended that the Freedom Party's candidates be reinstated to the ballot. Appellees also conducted a write-in vote but the number of write-in votes received by their candidates was never conclusively determined.
 
 
 5
 Appellant Tax Cut Now Party qualified for a place on the ballot in the November 1994 general election because its petitions contained valid signatures exceeding the requisite number. Because its gubernatorial candidate, George Pataki, received in excess of 50,000 votes in the general election, the Tax Cut Now Party qualified for permanent status on the state ballot. Subsequent to the November 1994 election, a few vacancies arose in the state legislature, including one vacancy in the 68th Assembly District in Harlem. A special election to fill these vacancies was scheduled for March 14, 1995. On February 7, 1995, in anticipation of contesting the 68th Assembly District election, a member of the Interim Committee of the Tax Cut Now Party wrote to the State Board indicating that the Tax Cut Now Party wished to use the name "Freedom Party." In response, the State Board certified the Tax Cut Now Party under that name.
 
 
 6
 On March 2, 1995, Appellees, in anticipation of running their own candidate in the 68th Assembly District election, filed an action seeking declaratory and injunctive relief to enjoin the State Board from certifying Appellants as the "Freedom Party," and to confer permanent ballot status upon Appellees as the "Freedom Party." On March 10, 1995, the district court preliminarily enjoined the State Board from placing the name of any Tax Cut Now Party candidate for the 68th Assembly District in Harlem onto the ballot under the name "Freedom Party." Appellants appeal from the grant of this preliminary injunction.
 
 DISCUSSION
 
 7
 On appeal, Appellants raise the following arguments in support of their claim that the district judge erred in issuing the preliminary injunction: (1) Appellees did not qualify as an "independent body," as defined by New York Election Law § 1-104, and therefore were not entitled to the name protection afforded to political parties and independent bodies under New York Election Law § 2-124; (2) the harm to Appellants resulting from the injunction far outweighed the harm, if any, that Appellees would have suffered in the absence of the injunctive relief.
 
 
 8
 Because we find that the issues involved in this appeal are moot, we do not address the merits of the preliminary injunction. Appellees claim that "[a]lthough the preliminary injunction applied to only a single election in a single district, the issues raised therein will reappear in other districts when plaintiff and appellant parties nominate candidates for other offices." While this may be true, it is not enough to avoid a finding of mootness; as we have previously stated, "[w]e cannot decide an appeal from a district court's ruling on a constitutional issue simply to satisfy the desire of an unsuccessful party below. Article III, Section 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies." Jefferson v. Abrams, 747 F.2d 94, 96 (2d Cir.1984).
 
 
 9
 In order to avoid being rendered moot, "[t]he controversy must exist at every stage of the proceeding, including the appellate stage." Id. (citing Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712-13, 35 L.Ed.2d 147 (1973)). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." New York City Employees' Retirement Sys. v. Dole Food Co., 969 F.2d 1430, 1433 (2d Cir.1992) (internal quotations omitted). In this case, the controversy between the parties was over which party would be able to run a candidate for the 68th Assembly District election of March 14, 1995 under the name "Freedom Party." After the special election was held, the controversy became moot.
 
 
 10
 In Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), the Supreme Court recognized that passage of an election does not necessarily render an election-related case moot. The Storer Court noted that such cases may fit within the category of "capable of repetition, yet evading review," an exception to the mootness doctrine. Id. at 737 n. 8, 94 S.Ct. at 1282 n. 8; see also Norman v. Reed, 502 U.S. 279, 287-88, 112 S.Ct. 698, 704-05, 116 L.Ed.2d 711 (1992); Rosario v. Rockefeller, 410 U.S. 752, 756 n. 5, 93 S.Ct. 1245, 1249 n. 5, 36 L.Ed.2d 1 (1973); Fulani v. League of Women Voters Educ. Fund, 882 F.2d 621, 628 (2d Cir.1989) (a case is "capable of repetition, yet evading review" where "[t]he issues properly presented, and their effects, ... will persist in future elections, and within a time frame too short to allow resolution through litigation") (citations omitted).
 
 
 11
 At issue in Storer were provisions of the California Elections Code governing independent candidates. In declining to find the case moot, the Storer Court stated: "The construction of the statute, an understanding of its operation, and possible constitutional limits on its application, will have the effect of simplifying future challenges, thus increasing the likelihood that timely filed cases can be adjudicated before an election is held." Storer, 415 U.S. at 737 n. 8, 94 S.Ct. at 1282 n. 8.
 
 
 12
 The case before us, however, is different from Storer and thus distinguishable. While the State Board's placement of the Tax Cut Now Party on the ballot under the name "Freedom Party" is "capable of repetition," it does not "evade review." We have previously noted:
 
 
 13
 For a case that is not a class action to be capable of repetition yet evading review, two conditions must exist: the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration [i.e. evading review], and there [must be] a reasonable expectation that the same complaining party would be subjected to the same action again [i.e. capable of repetition].
 
 
 14
 Dole Food, 969 F.2d at 1434 (internal quotations omitted). However, "[w]here prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." Id. at 1435 (citation omitted). If the same issue should arise between Appellants and Appellees prior to the next election, now several months away, there is no reason why the issue could not be fully litigated at that time.
 
 
 15
 Accordingly, we hold that "the question whether a preliminary injunction should have been issued here is moot, because the terms of the injunction ... have been fully and irrevocably carried out," University of Texas v. Camenisch, 451 U.S. 390, 398, 101 S.Ct. 1830, 1835, 68 L.Ed.2d 175 (1981); this case does not satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine; and to render an opinion on the merits of this case would violate the well-settled rule against issuing advisory opinions.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we dismiss the appeal as moot.